**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Minerva Avila**, <br><br> Plaintiff, <br><br> vs. <br><br> **JBL Cleaning Services LLC**, an Arizona limited liability company; **Bryan Barajas and Jane Doe Barajas**, a married couple; and **Jose Barajas and Jane Doe Barajas II**, <br><br> Defendants. | No. <br><br> **VERIFIED COMPLAINT** |

Plaintiff, Minerva Avila ("Plaintiff"), sues the Defendants, JBL Cleaning Services LLC and Timothy Simpson and Jane Doe Simpson ("Defendants" or "Custom Image Pros") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum wages and overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., unpaid minimum wages under the Arizona

Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") § 23-362, et seq. and unpaid wages under the Arizona Wage Act ("AWA") A.R.S. § 23-350, et seq.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

5. This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages under the AMWA.

6. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

7. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

10. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

11. At all material times, Defendant JBL Cleaning Services LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant JBL Cleaning Services LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

12. At all relevant times, Defendant JBL Cleaning Services LLC owned and operated as "JBL Cleaning Services," a company that cleans commercial buildings in the Phoenix Metropolitan Area.

13. Under the FLSA, Defendant JBL Cleaning Services LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant JBL Cleaning Services LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to JBL Cleaning Services LLC's employees, Defendant JBL Cleaning Services LLC is subject to liability under the FLSA.

14. Defendants Bryan Barajas and Jane Doe Barajas are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Bryan Barajas and Jane Doe Barajas are owners or managers of JBL Cleaning Services LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

15. Under the FLSA, Defendants Bryan Barajas and Jane Doe Barajas are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Bryan Barajas and Jane Doe Barajas had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment,

determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to JBL Cleaning Services LLC's employees, Defendants Bryan Barajas and Jane Doe Barajas are subject to individual liability under the FLSA.

16.     Defendants Jose Barajas and Jane Doe Barajas II are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Jose Barajas and Jane Doe Barajas II are owners or managers of JBL Cleaning Services LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

17.     Under the FLSA, Defendants Jose Barajas and Jane Doe Barajas II are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Jose Barajas and Jane Doe Barajas II had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to JBL Cleaning Services LLC's employees, Defendants Jose Barajas and Jane Doe Barajas II are subject to individual liability under the FLSA.

-5-

18. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

19. Defendants, and each of them, are sued in both their individual and corporate capacities.

20. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

21. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

22. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

23. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

24. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

25. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

26. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

27. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

28. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

29. On information and belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

30. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

31. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

32. Plaintiff, in her work for Defendants, regularly handled goods produced or transported in interstate commerce.

**FACTUAL ALLEGATIONS**

33. Defendants own and/or operate as JBL Cleaning Services LLC, an enterprise doing business in Maricopa County, Arizona.

34. JBL Cleaning Services LLC is an enterprise that cleans commercial buildings in the Phoenix, Arizona, Metropolitan Area.

35. On or around October 31, 2022, Plaintiff began working for Defendants as a cleaning technician or custodian.

36. At all relevant times, Plaintiff's primary duties included cleaning commercial buildings in the Phoenix Metropolitan Area.

37. Plaintiff was assigned an hourly rate of $14 throughout her employment with Defendants.

38. Plaintiff, in her work for Defendants, was assigned the same hourly rate of pay, regardless of the number of hours she worked in a given workweek.

39. Plaintiff, in her work for Defendants, was assigned the same hourly rate of pay, regardless of the number of hours she worked in a given workweek, and regardless of whether she worked in excess of 40 hours in a given workweek.

40. Rather than classify Plaintiff as an employee, Defendants classified her as an independent contractor.

41. Despite Defendants having misclassified Plaintiff as an independent contractor, Plaintiff was actually an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

42. Defendants controlled Plaintiff's schedules.

43. At all relevant times, Plaintiff was economically dependent on Defendants.

44. The following further demonstrate that Plaintiff was an employee:

    a. Defendants had the exclusive right to hire and fire Plaintiff;

    b. Defendants made the decision not to pay overtime to Plaintiff;

    c. Defendants supervised Plaintiff and subjected her to Defendants' rules;

    d. Plaintiff had no opportunity for profit or loss in the business;

    e. The services rendered by Plaintiff in her work for Defendants was integral to Defendants' business;

    f. Plaintiff had no right to refuse work assigned to her by Defendants;

      g.    On information and belief, Defendants did not allow Plaintiff to work for other cleaning companies.

45. Plaintiff worked for Defendants until approximately February 10, 2023.

46. On or about February 10, 2023, Plaintiff discontinued her employment for nonpayment of wages by Defendants.

47. Plaintiff's final two workweeks consisted of approximately eight shifts.

48. In her final two workweeks working for Defendants, Plaintiff worked approximately 84 hours.

49. For her final two workweeks of employment with Defendants, Defendants paid Plaintiff no wages whatsoever for the time she worked for them.

50. Defendants paid Plaintiff no wages whatsoever for the final two weeks of her employment.

51. On or about February 10, 2023, Plaintiff left her employment for non-payment of wages.

52. Prior to filing this complaint, Plaintiff reached out to Defendant Jose Barajas in an effort to obtain compensation for the work she performed.

53. In response, Defendant Jose Barajas provided excuses as to why he had not and was not paying Plaintiff the wages she was due for the work she performed.

54. In the weeks following her employment, Plaintiff had continual conversations via text messages with Defendant Jose Barajas regarding Defendants' failure to pay her properly for work she had performed.

55. Defendants did not pay Plaintiff any wages despite those conversations.

56. To date, Defendants still have paid no wages due and owing to Plaintiff.

57. During Plaintiff's employment with Defendants, Plaintiff worked approximately 55 hours in a given workweek.

58. Plaintiff worked with knowledge of Defendants, and at Defendants' request, in excess of 40 hours in a given workweek during her employment with Defendants.

59. At all relevant times, Defendants did not pay Plaintiff one and one-half times her regular rate of pay for time spent working in excess of 40 hours in a given workweek during her employment with Defendants.

60. As a result, Plaintiff worked in excess of 40 hours in a given workweek without receiving one and one-half times her regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

61. Defendants failed to compensate Plaintiff any wages whatsoever for the two workweeks of her employment with Defendants.

62. As a result of failing to pay Plaintiff any wages whatsoever for the final two workweeks of her employment, Defendants failed to compensate Plaintiff at least the statutory minimum wage for all hours worked.

63. As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated 29 U.S.C. § 206(a).

64. As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

65. As a result of Defendants' failure to compensate Plaintiff all wages due and owing for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

66. Plaintiff was not a manager in her work for Defendants.

67. Plaintiff did not have supervisory authority over any employees in her work for Defendants.

68. Plaintiff did not possess the authority to hire or fire employees in her work for Defendants.

69. Plaintiff did not possess the authority to make critical job decisions with respect to any of Defendants' employee in her work for Defendants.

70. Plaintiff did not direct the work of two or more employees in her work for Defendants.

71. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance in her work for Defendants.

72. Plaintiff's primary duty was not the management of the enterprise in which she was employed or any recognized department of the enterprise in her work for Defendants.

73. At all relevant times, in her work for Defendants Plaintiff was a non-exempt employee.

74. Throughout the duration of Plaintiff's employment, Defendants failed to properly compensate Plaintiff for her overtime hours.

75. Defendants' willful failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

76. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

77. Plaintiff is a covered employee within the meaning of the Arizona Minimum Wage Act.

78. At all relevant times, Plaintiff was a non-exempt employee.

79. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

80. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

81. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

82. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

83. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

84. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred under A.R.S. § 23-355.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME

85. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

86. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

87. In a given workweek of her employment with Defendants, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

88. As a result of Defendants' failure to pay Plaintiff one and one-half times her regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate, in violation of 29 U.S.C. § 207.

89. As a result of Defendants' failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

90. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

91. Defendants have and continue to violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants in excess of 40 hours during her employment.

92. Plaintiff is therefore entitled to compensation one and one-half times her regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Minerva Avila, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by failing to pay proper overtime wages;

B. For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

93. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

94. As a result of failing to compensate Plaintiff any wages whatsoever for the final two workweeks of her employment with Defendants, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

95. As a result of Defendants' failure to pay Plaintiff any wage whatsoever for such time worked, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for all hours worked for such time, in violation of 29 U.S.C. § 206.

96. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

97. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Minerva Avila, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

|   |   |   |
|---|---|---|
| C. | For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial; |
| D. | For the Court to award prejudgment and post-judgment interest; |
| E. | For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein; |
| F. | Such other relief as this Court shall deem just and proper. |

### COUNT THREE: ARIZONA MINIMUM WAGE ACT
### FAILURE TO PAY MINIMUM WAGE

98. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

99. As a result of failing to compensate Plaintiff any wages whatsoever for the final two workweeks of her employment with Defendants, Defendants failed or refused to pay Plaintiff the Arizona-mandated minimum wage.

100. As a result of failing to compensate Plaintiff any wages whatsoever for the final two workweeks of her employment with Defendants, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for all hours worked for the duration of her employment, in violation of A.R.S. § 23-363.

101. Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, A.R.S. § 23-363.

102. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to

twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Minerva Avila, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**COUNT FOUR: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**
**DEFENDANT JBL CLEANING SERVICES LLC ONLY**

103. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

104. As a result of the allegations contained herein, Defendant JBL Cleaning Services LLC did not compensate Plaintiff wages due and owing to her.

105. Defendant JBL Cleaning Services LLC engaged in such conduct in direct violation of A.R.S. § 23-350.

106. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff by Defendant JBL Cleaning Services LLC.

107. Plaintiff is therefore entitled to compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred.

**WHEREFORE**, Plaintiff, Minerva Avila, requests that this Court grant the following relief in Plaintiff's favor, and against Defendant JBL Cleaning Services LLC:

A. For the Court to declare and find that the Defendant JBL Cleaning Services LLC violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

D. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 8th day of March 2023.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Christopher J. Bendau
Clifford P. Bendau, II
*Attorneys for Plaintiff*

**VERIFICATION**

Plaintiff, Minerva Avila, declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, she believes them to be true.

*Minerva Avila*
Minerva Avila (Mar 7, 2023 21:00 MST)
Minerva Avila