**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Minerva Avila, | No. CV-23-00398-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| JBL Cleaning Services LLC, et al., | |
| Defendants. | |

Plaintiff Minerva Avila ("Plaintiff") has filed a Motion for Entry of Default Judgment (Doc. 16) against Defendant JBL Cleaning Services, LLC ("Defendant JBL"), Defendant Jose Barajas, and Defendant Jane Doe Barajas II (collectively the "Defaulting Defendants"). Defendant Bryan Barajas and Defendant Jane Doe Barajas are also named parties to this case. The Defaulting Defendants were served with the Complaint, Summons, and this Motion; however, they have not answered or otherwise appeared to defend this action. The Court must decide whether default judgment is proper under Federal Rule of Civil Procedure 55. For the following reasons, the Court will grant Plaintiff's Motion.

**I.   Background**

Defendant JBL is a limited liability company that provides commercial cleaning services to buildings in the Phoenix Metropolitan Area. (Doc. 1 at ¶¶ 11–12). Defendants Jose Barajas and Jane Doe Barajas II are husband and wife who own and manage Defendant JBL. (*Id*. at ¶ 16). Plaintiff alleges she worked for the Defaulting Defendants

for approximately 14 weeks as a "cleaning technician or custodian." (*Id*. at ¶ 35–36, 51). Plaintiff brings claims against the Defaulting Defendants under the Fair Labor Standard Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), the Arizona Minimum Wage Act, A.R.S. § 23-363 *et seq*. ("AMWA"), and the Arizona Wage Act, A.R.S. § 23-350 *et seq*. ("AWA"). (*Id*. at ¶¶ 85–107).

Below is an overview of the underlying allegations as well as the procedural history of the present action.

### A.     The Underlying Allegations

Plaintiff states she began working for the Defaulting Defendants on October 31, 2022, and received an hourly wage rate of $14 per hour. (*Id*. at ¶¶ 35–37). Plaintiff alleges the Defaulting Defendants are "employers" for the purposes of the FLSA. (*Id*. at ¶¶ 13, 17). Plaintiff further alleges that, rather than classifying her as an employee for the purposes of the FLSA, the Defaulting Defendants misclassified her as an independent contractor. (*Id*. at ¶¶ 40–44).

Plaintiff represents that she worked in excess of 40 hours per workweek during her employment at the Defaulting Defendants' request. (*Id*. at ¶ 58). Specifically, Plaintiff alleges she worked 55 hours in a given workweek. (*Id*. at ¶ 57). Plaintiff states she discontinued her employment with the Defaulting Defendants on February 10, 2023, due to their alleged nonpayment of wages. Plaintiff also maintains that the Defaulting Defendants did not pay her for her final 2 workweeks, which consisted of 84 hours. (*Id*. at ¶¶ 46–51, 61).

### B.     The Present Action

After her resignation, Plaintiff filed a Complaint (Doc. 1) on March 8, 2023, bringing the following claims against the Defaulting Defendants:

- Count One for failure to pay overtime under the FLSA, 29 U.S.C. § 207, seeking unpaid overtime wages and an additional, equal amount in liquidated damages under 29 § U.S.C. 216 (*id*. at ¶¶ 85–92);

- Count Two for failure to pay minimum wage under the FLSA, 29

- U.S.C. § 206(a), seeking unpaid minimum wages and an additional, equal amount in liquidated damages under 29 § U.S.C. 216 (*id.* at ¶¶ 93–97);

- Count Three for failure to pay minimum wage under the AMWA, A.R.S. § 23-363, seeking unpaid minimum wages and an additional, amount equal to twice the underpaid damages under A.R.S. § 23-364(G) (*id.* at ¶¶ 98–102);

- Count Four for failure to pay wages due under the AWA, A.R.S. § 23-350, seeking treble unpaid wages under A.R.S. § 23-355 (*id.* at ¶¶ 102–107).

Plaintiff also seeks pre and post judgment interest, attorneys' fees, and costs. (*Id.* at ¶¶ 92, 97, 102, 107).

On March, 2023, Plaintiff, via an Arizona process server, personally served the Complaint and Summons on each of the Defaulting Defendants at 2005 North 103rd Ave. #1108, Avondale, AZ 85392.  (Docs. 6; 7; 8).[1]  The Defaulting Defendants did not file an answer or otherwise appear in this action.

On April 25, 2023, Plaintiff moved for the Clerk of Court to enter default against Defendant JBL, Defendant Jose Barajas, and Defendant Jane Doe Barajas—who has not been served. (*See* Doc. 10).  Due to this error, the Clerk of Court entered an amended entry of default as to Defendant JBL and Defendant Jose Barajas only under Rule 55(a).[2] (*See* Docs. 14; 15).  The Clerk of Court later entered default against Defendant Jane Doe Barajas II under Rule 55(a) upon Plaintiff's request.  (Docs. 12; 13).  Plaintiff has since filed the pending Motion for Entry of Default Judgment (Doc. 16), which she served electronically and by mail to the Defaulting Defendants' Arizona addresses. (*Id.* at 13). The Defaulting Defendants did not respond and the time to do so has passed.  LRCiv. 7.2.

---

[1] However, the docket does not reflect any service efforts by Plaintiff on Defendants Bryan Barajas and Jane Doe Barajas.  The Court will therefore order Plaintiff to either (1) show cause why Defendants Bryan Barajas and Jane Doe Barajas should not be dismissed from this matter due to lack of service; or (2) file a notice of voluntary dismissal as to these Defendants.

[2] Unless where otherwise noted, all Rule references are to the Federal Rules of Civil Procedure.

- 3 -

## II. Legal Standard

Once a party's default has been entered, the district court has discretion to grant default judgment against that party. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

Once a court finds jurisdiction, it must consider: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

## III. Discussion

The Court will first assess whether it has jurisdiction over this matter before evaluating the merits of Plaintiff's Motion for Default Judgment under the *Eitel* factors.

### A. Jurisdiction

The Court has federal question jurisdiction over Plaintiff's Counts One and Two because they arise under the FLSA. (Doc. 1 at ¶¶ 85–97); *see* 28 U.S.C. § 1331 (providing that federal courts have jurisdiction to hear claims arising under federal law). This lends the Court supplemental jurisdiction over Plaintiff's Counts Three and Four because those state law claims are "part of the same case or controversy[.]" 28 U.S.C. § 1367(a). The Court also has personal jurisdiction over the Defaulting Defendants because Plaintiff's claims arise from the Defaulting Defendants' alleged failure to comply with federal and state employment laws during the course of their business activities in Maricopa, Arizona.

(Doc. 1 at ¶¶ 10–84); *see Picot v. Weston*, 780 F.3d 1206, 1211 (9th. Cir. 2015).

### B. *Eitel* Factors

Having found jurisdiction over the case and parties, the Court will proceed to assess the merits of Plaintiff's Motion for Default Judgment under the *Eitel* factors.

#### 1. Possibility of Prejudice to Plaintiff

The Defaulting Defendants have not responded or otherwise appeared in this action. Thus, without an entry of default judgment, Plaintiff's damages would remain unrelieved. The first factor therefore favors default judgment. *See Constr. Laborers Tr. Funds for S. California Admin. Co. v. Anzalone Masonry, Inc.*, 316 F. Supp. 3d 1192, 1198 (C.D. Cal. 2018).

#### 2. Merits of Plaintiff's Claim and Sufficiency of Complaint

"Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010). The second and third *Eitel* factors favor default judgment where the complaint sufficiently states a claim for relief upon which the plaintiff may recover. *See Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978)); *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). "Upon entry of default, the facts alleged to establish liability are binding upon the defaulting party." *Danning*, 572 F.2d at 1388. "However, it follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Id*.

Plaintiff brings claims for unpaid wages and overtime wages under the FLSA, AWA, and AMWA. The Court will examine each claim in turn.

##### a. FLSA Claims

The FLSA requires employers to pay their employees a minimum wage for any time spent working during the workweek as well as additional compensation for any time spent in excess of a forty hour workweek. *See* 29 U.S.C. §§ 206(a), 207(a). The FLSA defines an "employee" as "any individual employed by an employer." *Id*. § 203(e)(1). It further

defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id*. § 203(d). An employee can gain protection under the FLSA through (1) enterprise coverage if her employer has an annual gross volume of sales or business done that is greater than $500,000; or (2) individual coverage if the employee is "engaged in commerce or in the production of goods for commerce." *Id*. §§ 203(s)(1)(A); *see also Zorich v. Long Beach Fire Dep't & Ambulance Serv., Inc.*, 118 F.3d 682, 686 (9th Cir. 1997). An individual can be subject to liability under the FLSA as an employer if they "exercise[] control over the nature and structure of the employment relationship, or economic control over the relationship." *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009).

Plaintiff represents that Defendant JBL is "an enterprise engaged in commerce that had annual gross sales of at least $500,000." (Doc. 1 at ¶ 29). Plaintiff also alleged that the individual Defaulting Defendants—Jose Barajas and Jane Doe Barajas II—were owners and managers of Defendant JBL, controlled Plaintiff's work schedule, had the authority to hire and fire employees, and supervised Plaintiff. (*Id*. at ¶¶ 16, 42–44). Thus, Plaintiff has demonstrated that she is an employee and each of the Defaulting Defendants are employers under the FLSA.

To bring an FLSA claim for unpaid minimum wages, a plaintiff must "allege facts showing that there was a given week in which he was entitled to but denied minimum wages[.]" *Landers v. Quality Commc'ns, Inc*. 771 F.3d 638, 645 (9th Cir. 2014). To bring an FLSA claim for unpaid overtime wages, a plaintiff must allege at least one workweek in which she worked in excess of forty hours and were not paid overtime wages. *Id.* at 646.

Plaintiff claims the Defaulting Defendants did not compensate her for her final 2 workweeks. (Doc. 1 at ¶¶ 46–51, 61). She also claims she "worked approximately 55 hours in a given workweek" and the "[Defaulting] Defendants did not pay [her] one and one-half times her regular rate of pay for time spent working in excess of 40 hours in a given workweek during her employment[.]" (*Id*. at ¶¶ 57–59). When accepting these allegation as true, Plaintiff has stated plausible claims against the Defaulting Defendants

for unpaid overtime and minimum wages under the FLSA.

### b. AMWA Claim

The AMWA establishes the minimum wage an employer must pay an employee in Arizona. *See* A.R.S. § 23-363. Like the FLSA, the AMWA defines an "employee" as "any person who is or was employed by an employer." *Id*. § 23-362(A). It further defines an "employer" as "any corporation proprietorship, partnership, joint venture, *limited liability company*, trust, association, political subdivision of the state, [and] *individual* or other entity acting directly or indirectly in the interest of an employer in relation to an employee." *Id*. § 23-362(B) (emphasis added).

Plaintiff alleges Defendant JBL is a limited liability corporation and Defendants Jose Barajas and Jane Doe Barajas II are individuals that act in Defendant JBL's interest. (Doc. 1 at ¶¶ 11, 16). So, each Defaulting Defendant can be held liable under the AMWA as employers. Because Plaintiff has alleged the Defaulting Defendants failed to compensate her for the hours she worked during her last 2 weeks of employment, Plaintiff has shown that the Defaulting Defendants violated the AMWA. (*Id*. at ¶¶ 46–51, 61).

### c. AWA Claim

The AWA requires "[e]ach employer, on each of the regular paydays, shall pay to the employees all wages due to the employees up to that date[.]" A.R.S. § 23-351(C). Similar to the AMWA and the FLSA, the AWA defines an "employee" as "any person who performs services for an employer under a contract of employment either made in this state or to be performed wholly or partly within this state." A.R.S. § 23-350(2). However, the AWA limits the term "employer" to include "any individual, partnership, association, joint stock company, trust or corporation, the administrator or executor of the estate of a deceased individual or the receiver, trustee or successor of any of such persons employing any person." A.R.S. § 23-350(3). Unlike the FLSA and the AMWA, the AWA "does not . . . authorize individual liability against the owners, officers, and directors of a corporate employer in a case where the claim is for the employer's wholesale failure to pay wages." *Rosen v. Fasttrak Foods LLC*, 2021 WL 2981590, at *5 (D. Ariz. July 15, 2021).

The facts alleged by Plaintiff demonstrate that she was employed by the Defaulting Defendants for purposes of the AWA, and that the Defaulting Defendants failed to pay her for the hours she worked during her last 2 weeks of employment. (Doc. 1 at ¶¶ 46–51, 61). However, due to the AWA's narrow definition of an employer, Defendants Jose Barajas and Jane Doe Barajas II are excluded from individual liability under Count Four. Plaintiff has thus stated a plausible claim for unpaid wages under the AWA against Defendant JBL only.

To summarize, Plaintiff has shown that all Defaulting Defendants collectively violated the FLSA and AMWA, and Defendant JBL violated the AWA. The second and third *Eitel* factors weigh in favor of default judgment in this manner.

### 3. Sum of Money at Stake

Regarding the fourth factor, the Court considers the amount of money at stake in relation to the seriousness of a defendant's conduct. *See Pepsico*, 238 F. Supp. 2d at 1176. "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Gemmel v. Systemhouse, Inc.*, 2008 WL 65604, at *4 (D. Ariz. Jan. 3, 2008). A district court has "wide latitude" in determining the amount of damages to award upon default judgment. *James v. Frame*, 6 F.3d 307, 310 (9th Cir. 1993).

Plaintiff seeks the unpaid overtime wages, unpaid minimum wages, and liquidated damages she is owed under the FLSA and AMWA. She also seeks trebled unpaid wages damages under the AWA. Plaintiff asserts she is entitled to a total of $6,104 in damages, exclusive of reasonable attorneys' fees. (Doc. 16 at 5–6, 8–10). The Court finds this requested amount is reasonable and proportional to the Defaulting Defendants' failure to pay wages and applicable overtime wages under federal and state law. *See infra* Section III.C.

### 4. Potential Disputes of Material Fact

The time has passed for the Defaulting Defendants to dispute the Complaint's allegations. At this stage, the allegations are taken as true. *See Geddes*, 559 F.2d at 560. Therefore, the possibility of dispute is low. This fifth *Eitel* factor favors entering default

judgment.

### 5. Excusable Neglect

The Defaulting Defendant was served with the Complaint, Summons, and Plaintiff's Motion for Default Judgment at 2005 North 103rd Ave., #1108, Avondale, AZ 85392. (Docs. 6; 7; 8; 16 at 13). There is no indication that the Defaulting Defendants' failure to defend this action is due to excusable neglect. Therefore, the sixth factor favors entering default judgment.

### 6. Policy Favoring Decisions on the Merits

The Court is unable to reach the merits of this case because the Defaulting Defendant has failed to plead or otherwise defend this action. Therefore, this final factor weighs against granting default judgment.

Overall, majority of the *Eitel* factors weigh in favor of entering default judgment. The Court will therefore grant Plaintiff's Motion and enter judgment accordingly.

## C. Damages Analysis

Having found that entry of default judgment is proper, the Court must determine the extent of Plaintiff's entitled damages. In contrast to the other allegations in a complaint, allegations pertaining to damages are not automatically taken as true. *TeleVideo Sys., Inc.,* 826 F.2d at 917–18. "The plaintiff is required to provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011); Fed. R. Civ. P. 54(c). This is so a defendant may know from the complaint what the potential award may be, and the defendant may then decide whether a response is worthwhile. *See e.g.*, *Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007) (limiting damages in a default judgment award to what is "specified in the [complaint's] 'demand for judgment'. . . ensures that a defendant who is considering default can look at the damages clause, satisfy himself that he is willing to suffer judgment in that amount, and then default without the need to hire a lawyer"). "To recover damages after securing a default judgment, a plaintiff must prove the relief [she] seek[s] through testimony or written

affidavit." *Yelp, Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100–01 (N.D. Cal. 2014). "The Court may enter a default judgment without a damages hearing when . . . 'the amount claimed is a liquidated sum or capable of mathematical calculation.'" *Capitol Specialty Ins. Corp. v. Chaldean LLC*, 2022 WL 2953062, at *5 (D. Ariz. July 25, 2022) (quoting *HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 947 (D. Ariz. 2013)); *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

### 1. Statutory Damages Under the FLSA, AMWA, and AWA

During Plaintiff's final 2 weeks of employment with the Defaulting Defendants in 2023, the applicable federal minimum wage was $7.25 per hour, 29 U.S.C. § 206(a)(1)(C), and the applicable state minimum wage was $13.85 per hour, A.R.S. § 23-363(B).[3] When an employer is found liable under the FLSA for failure to pay minimum and overtime wages, the employee is entitled to "unpaid minimum wages, [] unpaid overtime compensation . . . and in an additional *equal* amount as liquidated damages." 29 U.S.C. § 216(b) (emphasis added). Double damages are the norm, and single damages are the exception. *See Alvarez v. IBP, Inc.*, 339 F.3d 894, 910 (9th Cir. 2003). Courts shall also allow "a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Similarly, when an employer is found liable under the AMWA for failure to pay minimum wages, the employee is entitled to "the balance of the wages . . . including interest thereon, and an additional amount equal to *twice* the underpaid wages . . . . A prevailing plaintiff shall be entitled to reasonable attorney's fees and costs of suit." A.R.S. § 23-364(G) (emphasis added). Likewise, when an employer is found liable under the AWA for failure to pay wages, "the employee may recover . . . an amount that is *treble* the amount of the unpaid wages." *Id*. § 23-355(A) (emphasis added).

Plaintiff has submitted a sworn affidavit detailing her hours worked and resulting wages. (Doc. 16-1). Plaintiff represents her employment with the Defaulting Defendants lasted for approximately 14 weeks, during which her regular pay rate was $14 per hour and her overtime premium was $7 per hour. (*Id*. at ¶¶ 5–6, 10). Plaintiff estimates she worked

---

[3] *See* Industrial Commission of Arizona, https://www.azica.gov/divisions/labor-department (last visited Feb. 17, 2024).

a total of 184 hours without overtime pay (comprised of 15 excess hours per week during her first 12 workweeks and 4 excess hours during her final 2 workweeks) and 84 hours without any minimum pay during her final 2 workweeks in 2023. (*Id*. at ¶¶ 12–15). These allegations are consistent with those in the Complaint. (*Compare* Doc. 16-1 *with* Doc. 1).

Plaintiff calculates her unpaid minimum wage damages under each statute as follows:

- $609 ($7.25 multiplied by 84 hours) in unpaid federal minimum wages under the FLSA, plus doubled liquidated damages for a total of **$1,218.00**;

- $1,163.40 ($13.85 multiplied by 84 hours) in unpaid Arizona minimum wages under the AMWA, plus statutory trebling of damages for a total of **$3,490.20**; and

- $1,176 ($14 multiplied by 84 hours) in unpaid wages under the AWA, plus statutory trebling of damages for a total of **$3,528.00**.

(Doc. 16 at 5–6, 8–10). Plaintiff does not seek to stack her unpaid minimum wage damages. (*Id*. at 9). *See Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 333, (1980) ("[C]ourts can and should preclude double recovery by an individual"); *see also Acosta v. Pindernation Holdings LLC*, 2023 WL 3951222, at *4–5 (D. Ariz. Mar. 1, 2023), *report and recommendation adopted*, 2023 WL 3951211 (D. Ariz. Mar. 23, 2023) (finding no basis to authorize stacked awards under the FLSA, AMWA, and AWA). Plaintiff states the larger trebled AWA award for $3,528.00 "engulfs" her smaller minimum wage damages under the AMWA, which in turn "engulfs" her smaller minimum wage damages under the FLSA. (Doc. 16 at 9). Plaintiff further calculates her unpaid overtime wages under the FLSA as $1,288 ($7 multiplied by 184 hours) plus doubled liquidated damages for a total of **$2,576.00**. (*Id*. at 5–6, 8–10).

### 2. Plaintiff's Request for Damages is Adequately Supported

Plaintiff requests an award against Defendant JBL for $6,104.00, which is comprised of the $3,528.00 total unpaid minimum wage damages under the AWA plus the $2,576.00 total unpaid overtime wage damages under the FLSA. (*Id*. at 10). Of that

$6,104.00 amount, Plaintiff requests an award holding the Defaulting Defendants jointly and severally liable for $6,066.20, which is comprised of the $3,490.20 total unpaid minimum wage damages under the AMWA plus the $2,576.00 total unpaid overtime wage damages owed under the FLSA. (*Id*.)  Plaintiff requests that these amounts be augmented further by post judgment interest under 28 U.S.C. § 1961. (*Id*. at 11–12).  Plaintiff also seeks leave to file a motion for attorneys' fees and costs. (*Id*.)

The Court concludes that the damages requested by Plaintiff are provided for by statute and adequately supported by the calculations in her Motion for Default Judgment and supporting affidavit.  Plaintiff's calculations are also consistent with the Court's finding that all Defaulting Defendants can be held joint and severally liable under the FLSA and AMWA, but only Defendant JBL can be held liable under the AWA. *See supra* Section III.B(2). So, the Court will grant Plaintiff's requested damages in the amount of $6,104.00 against Defendant JBL, with $6,066.20 of that amount being held jointly and severally against all the Defaulting Defendants.  The Court will also award post-judgment interest, and allow Plaintiff to seek an award of attorneys' fees in accordance with Local Rule of Civil Procedure 54.2.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Minerva Avila's Motion for Entry of Default Judgment (Doc. 16) is **GRANTED**.  There being no just reason for delay, the Clerk of Court is kindly directed to enter judgment under Federal Rule of Civil Procedure 54(b) as follows: judgment in favor of Plaintiff Minerva Avila in the amount of $37.80 against Defendant JBL Cleaning Services, LLC; and judgment in favor of Plaintiff in the amount of $6,066.20 against all three Defendants JBL Cleaning Services, LLC,  Jose Barajas, and Jane Doe Barajas II, jointly and severally.  These amounts shall be subject to post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a).

**IT IS FURTHER ORDERED** that that Plaintiff may file a motion for costs and attorneys' fees in accordance with Local Rule of Civil Procedure 54.2 within fourteen days of the entry of this Order.

**IT IS FURTHER ORDERED** that, **within 7 days,** Plaintiff shall either (1) show cause why Defendants Bryan Barajas and Jane Doe Barajas should not be dismissed from this matter due to lack of service; or (2) file a notice of voluntary dismissal as to these defendants. If Plaintiff fails to do so, the Clerk of Court shall dismiss Defendants Bryan Barajas and Jane Doe Barajas from this action without further order of this Court.

Dated this 29th day of February, 2024.

Honorable Diane J. Humetewa
United States District Judge