**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Minerva Avila, | No. CV-23-00398-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| JBL Cleaning LLC, et. al, | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Attorney's Fees. (Doc. 22). The Court previously entered default judgment in favor of Plaintiff and allowed her to file the present Motion. (Doc. 18). Defendants JBL Cleaning LLC and Jose Barajas, (collectively "Defendants") have failed to appear or otherwise defend in this action.[1]

**I.    Background**

On March 8, 2023, Plaintiff filed suit against Defendants alleging claims under the Fair Labor Standards Act ("FLSA"); the Arizona Minimum Wage Act ("AMWA"); and the Arizona Wage Act ("AWA"). (Doc. 1 at 1–2). On March 9, 2023, Plaintiff timely served Defendants. (*See* Docs. 6, 7, 8). Despite proper service, these Defendants failed to answer or otherwise respond. (Doc. 16–17). On February 29, 2024, the Court entered judgment in Plaintiff's favor and awarded her $37.80 against Defendant JBL Cleaning Services, LLC and $6,066.20 against all three Defendants jointly and severally. (Docs. 18, 19). Plaintiff now seeks an award of attorneys' fees and costs. The

---

[1] Plaintiff voluntarily dismissed Bryan Barajas and Jane Doe Barajas. (Doc. 20).

breakdown is as follows: $7,431.50 for 16.7 hours of work incurred by Plaintiff's attorney at an hourly rate of $445.00; another $645.25 for out-of-pocket costs; and then an additional $4,195.19 for fees related to potential collection efforts.

The Court partially grants Plaintiff's Motion.

## II. Attorney Fee Award

A party seeking an attorney's fee must show it is eligible and entitled to an award, and that the amount sought is reasonable. LRCiv 54.2(c).

### A. Eligibility

For FLSA actions, courts "shall, in addition to any judgment awarded to the plaintiff . . . allow a reasonable attorney's fee to be paid by the defendant . . . ." 29 U.S.C. § 216(b). Because Plaintiff brought FLSA claims and was awarded a monetary judgment, Plaintiff is eligible for an award under the FLSA.

### B. Entitlement

To be entitled to an award, Plaintiff must have prevailed in this matter. For FLSA purposes, the prevailing party is the one that "succeed[ed] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978)); *see also Haworth v. State of Nev.*, 56 F.3d 1048, 1052 (9th Cir. 1995) (applying *Hensley*'s analysis of when a plaintiff prevails to an FLSA case).

Here, by virtue of the Default Judgment in this matter (Doc. 18), Plaintiff is the prevailing party in this action and is therefore entitled to an award of attorneys' fees and costs.

### C. Reasonableness

The Court will use the lodestar method to assess Plaintiff's attorneys' fees proposal because this is a statutory award. *See Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). Under the lodestar method, courts determine the initial lodestar figure by taking a reasonable hourly rate and multiplying it by the number of hours reasonably expended on the litigation. *Blanchard v. Bergeron*,

489 U.S. 87, 94 (1989) (citing *Hensley*, 461 U.S. at 433).  Once this initial lodestar figure is calculated, courts may then adjust the result by considering "other factors." *Blanchard*, 489 U.S. at 94.  To determine whether an award is reasonable, courts assess the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976); *see also* LRCiv 54.2(c)(3).

### 1. Adjustment of Lodestar Amount

Plaintiff's Motion goes through the relevant *Kerr* factors and requests a total award for fees and costs of $12,271.94. (Doc. 22 at 7).  Of that amount, $7,431.50 is for the 16.7 hours incurred by Plaintiff's attorney at an hourly rate of $445.00.  (*Id.*) The Court will review Plaintiff's request for attorney fees only under the *Kerr* factors.

1. *Time and Labor.*  Plaintiff represents this case required 16.7 hours of counsel's time at a rate of $445.00 per hour. (*Id.* at 8).  "Attorneys' fees should not be given for the performance of administrative tasks which could and should be performed by secretarial or paralegal staff." *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 487 (D. Ariz. 2019).  The Court finds that the following were purely administrative or clerical tasks in nature:

- Send Representation Agreement (0.1 hours)
- Receive Representation Agreement, set up file (0.1 hours)
- Gather documents, send to process server (0.1 hours)
- File service executed (0.1 hours)

The Court will subtract 0.4 hours from the requested 16.7 hours as they are purely

clerical or administrative in nature. That brings the total for hours incurred to 16.3 hours, which the Court approves.

2. *Novelty and Difficulty of Legal Questions.* Because of the default judgment, the Courts finds there were few, if any, challenging legal questions raised by the pleadings. Plaintiff's counsel also confirmed "this was a straightforward claim." (Doc. 22 at 8). The Court finds that this factor is neutral to the analysis of awarding attorney fees and does not require an adjustment to the lodestar amount. *See Ubinger v. Urb. Housekeeping LLC,* No. CV-23-01802-PHX-ROS, 2024 WL 3045303, at *3 (D. Ariz. June 18, 2024) (finding this factor and neutral and not requiring an adjustment).

3. *Legal Skill.* Plaintiff's counsel represents that the legal issues raised by the FLSA are sophisticated and require extensive knowledge of the law, despite its otherwise straightforward nature. (Doc. 22 at 9). The statute is complex and requires strong legal skills necessary to identify issues and present them persuasively to the court. (*Id.*) Without the assistance of Plaintiff's counsel, Plaintiff likely would not have obtained such results. (*Id.*) *See Verduzco v. Value Dental Centers Mesa W. AZ LLC*, No. CV-20-02380-PHX-DJH, 2022 WL 2718163, at *2 (D. Ariz. July 12, 2022) (finding that it generally takes a moderate amount of skill to litigate FLSA cases); *Ramos v. Probuilds LLC*, No. CV-23-01111-PHX-SMM-DMF, 2024 WL 1078078, at *5 (D. Ariz. Feb. 26, 2024), *report and recommendation adopted*, No. CV-23-01111-PHX-SMM, 2024 WL 1071204 (D. Ariz. Mar. 12, 2024) (same). The Court finds that this factor does not require an adjustment to the lodestar amount.

4. *Preclusion from other employment.* Plaintiff's counsel represents that he was not precluded from other employment. (*Id.* at 9). This factor also does not require an adjustment to the lodestar amount.

5. *Customary Fee*. Plaintiff's counsel asserts that his hourly rate of $445.00 is reasonable. (*Id.*) The party seeking attorneys' fees bears the burden of demonstrating that the requested hourly rate is "in line with the prevailing market rate of the relevant community." *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006). The

"relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008). The Court may consider affidavits of Plaintiff's counsel "and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for" Plaintiff's counsel. *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

In support of his assertion that $445.00 is the reasonable rate, Plaintiff's counsel attaches an order issued by District Judge Bolton that summarily approved his request for attorney's fees. (Doc. 22-2, *Ekstrand v. Tru Realty LLC*, No. CV-23-01416-PHX-SRB). He also says Judge Silver found $445.00 per hours to be a reasonable rate. *Ubinger v. Urban Housekeeping LLC*, No. CV-23-01802-PHX-ROS, 2024 WL 3045303, at *2 (D. Ariz. June 18, 2024) (reviewing other cases where fees were awarded to plaintiff's counsel and finding $445.00 an appropriate hourly rate). Upon review, the Court finds that Plaintiff has met his burden of showing that $445.00 per hour is a reasonable rate.

6. *Contingency Fee*. Plaintiff's counsel represents that he worked on a contingency basis. (*Id.*)

7. *Time Limitations*. Plaintiff's counsel represents that neither the client nor the circumstances of the case imposed any time limitations on this matter. (*Id.* at 11).

8. *Amount in Controversy and Results*. Although the amount in controversy is not significant, Plaintiff's counsel successfully won the amount sought. (*Id.* at 12).

9. *Attorneys' Experience*. Plaintiff's counsel is an experienced attorney who is familiar with FLSA matters. (*Id.* at 12; Doc. 22-10). Plaintiff's counsel has been practicing law in Arizona since 2013 and is the managing attorney at his firm. (Doc. 22-10).

10. *Undesirability of Matter*. While Plaintiff's counsel does not argue that the case was undesirable, he notes that FLSA cases taken on a contingent basis involve financial risks since there is no guarantee of fees. (Doc. 22 at 13).

11. *Professional Relationship with Client*. Prior to this case, Plaintiff has never

been represented by this counsel. (*Id.*)

12. *Awards in Similar Cases*. Plaintiff references several cases for awards in similar actions. (*Id.* at 4). He also notes he has been awarded an hourly rate of $445.00 by multiple Courts throughout the country and the District of Arizona specifically. *Ekstrand v. Tru Realty LLC*, Case No. 2:23-cv-01416, ECF No. 17 (D. Ariz. Oct. 20, 2023); *Fontes v. Anita's Street Market LLC*, 2024 WL 663434, at *2 (D. Ariz. Feb. 16, 2024); Davidson v. Focused Family Services LLC et al, 2023 Case No. 2:23-cv-01198, ECF No. 15 (D. Ariz. Sept. 10, 2014). The Court finds that these are comparable cases to the present one.

### 2.     Reasonableness of Anticipated Collection Costs

Plaintiff's counsel also seeks $4,195.19 in fees and costs associated with potential collection efforts. These fees are not fees that counsel has already incurred. Rather, they are fees that counsel anticipates he will incur at a future time. (Doc. 22 at 15). The Court finds he has not adequately supported this request with concrete justification. As support for his request, Plaintiff's counsel attached a services agreement between him and a law firm to help him collect on the default judgment. (Doc. 22-15 at 1). Counsel's provision of the services agreement with his chosen collection law firm does not address the Court's concern that such an award would otherwise be speculative. (Doc. 22-15 at 1). The Court finds *Davidson v. Focused Family Services*, Case No. 2:23-01198-DJH, ECF 15 (D. Ariz. September 10, 2024), comparable on this matter. Much like the present case, Plaintiff's counsel in that case did not convince the Court that the collection costs were reasonable. *Id.* at 4. Plaintiff's counsel has attached nothing to his current motion, besides the service agreement, that would assuage the Court that the costs are reasonably likely to be incurred. The Court will thus deny this portion of Plaintiff's counsel's request.

Overall, the Court finds that a reasonable rate for Plaintiff's counsel is $445.00 per hour and that the 16.3 hours spent are reasonable. The Court further finds the $645.25 in out-of-pocket costs reasonable. The Court, however, will not award Plaintiff's counsel

the $4,195.19 for fees and costs associated with potential collection efforts. Therefore, the total amount awarded to Plaintiff's counsel is $7,898.75.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees and Costs (Doc. 22) is **GRANTED in part**. The Court approves an award of attorney's fees in the amount of $7,431.50 and $645.25 in costs against Defendants JBL Cleaning LLC and Jose Barajas.

Dated this 10th day of March, 2025.

Honorable Diane J. Humetewa
United States District Judge